# ROLLER v. CLARK.

---

EQUITY; EVIDENCE; LACHES; INJUNCTION; JUDGMENTS; RES JUDICATA

1. Difficulty in obtaining evidence relating to proceedings terminating in a tax deed under which a lot owner claims title affords no grounds for resort to a court of equity in a controversy with the owner of the record title to the land. Proof of lost records and papers may be as readily obtained in an action at law as in a suit in equity; the difficulties in producing the necessary evidence being the same in both courts.

2. Laches, although a good defense in equity, is no defense at law, and where a claimant of land is asserting a legal title in a court of law,

D. C.]                    Statement of the Case.

no lapse of time can avail his adversary, save adverse possession for the period prescribed by the statute of limitations.

3. A claim by the complainant in an equity suit to enjoin the prosecution of an action of ejectment, that the plaintiff in the action is estopped to claim the land in controversy by reason of the expenditure of money by the complainant on the land, encouraged by the other party's long failure to assert title and his failure to pay taxes, will not give the equity court jurisdiction. If such facts can be shown to amount to an estoppel *in pais*, that defense is available in the action of ejectment. (Following *Lansburgh* v. *District of Columbia*, 8 App. D. C. 10.)

4. Former adjudications of the title of land between rival claimants therefor are as available for the party seeking them at law as in equity. The principles applicable are the same at equity as in law, and the effect is the same.

No. 2336. Submitted January 5, 1912. Decided February 5, 1912.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia, holding an equity court, dismissing a bill to enjoin the prosecution of an action of ejectment.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree dismissing a bill to stay the prosecution of an action of ejectment.

The bill, filed by John E. Roller against Allen C. Clark on March 2, 1908, alleged the following facts: That complainant is the "sole and exclusive owner in fee simple" of lots 8-9-10 square 1,028 in the city of Washington, of which he is now and has been in possession for many years, paying taxes thereon. That he claims under a tax sale and deed of the corporation of Washington dated March 6, 1852, to Richard Barry, and conveyances by the heirs of said Barry to him. That the claimants of the original title have failed for three quarters of a century to pay any attention to the premises or pay any taxes thereon. That during this long period, officials and witnesses who could throw any light upon the transactions involving the property and testify as to the regularity of the assessment and sales of

the property for taxes, have died; the records and papers relating thereto have been lost or destroyed; the newspapers advertising said sales have, for the most part, disappeared; and the whole transaction has become so obscure that it would be impossible to ascertain with any degree of certainty the facts relating to transactions of such age. That in the meantime the city has grown and the premises become valuable, and defendant, in conjunction with others, having secured from the heirs of John Young a conveyance of certain supposed interests therein, is now seeking to assert a claim of title thereto in an action of ejectment depending in the supreme court of the District, entitled *Clark* v. *Roller*. That said Clark, claiming as aforesaid, filed a bill in said court January 16, 1893, against other heirs of John Young, and this complainant, seeking to have your complainant's title declared void, which said bill was dismissed as to complainant on June 17, 1893, on the ground of laches, etc.; that said bill was afterwards dismissed by said Clark. That on November 24, 1893, the said Clark and his wife began a second suit to obtain partition of the premises claimed as derived from John Young. That complainant, Roller, became a party thereto for the purpose of protecting his rights therein; and thereafter said Clark filed a supplemental bill seeking to have Roller's title declared void. That said cause was heard on May 5, 1896, and a decree passed denying relief as against Roller because of laches, and dismissing the bill as to him, but reserving the cause for further proceedings between the remaining parties. That complainant, Roller, having twice successfully resisted attacks upon his title, assumed that the matter had been fully adjudicated, and he would remain unmolested. That thereafter said Clark obtained a decree of partition with the Young heirs, and on June 30, 1896, a decree for the sale of said property for partition of proceeds. That complainant, Roller, was compelled to intervene in said cause for the protection of his interests, and to enjoin the sale advertised by the trustees appointed to make the same. That a decree was passed adverse to the interests of Roller, but the same was reversed on appeal to the court of appeals, and that reversal affirmed on

further appeal by Clark to the Supreme Court of the United States. That, since said decision, the said Clark has begun the action of ejectment heretofore mentioned. That the only ground upon which said Clark sought to defeat the tax title of Roller was that the law relating to the report of tax sales had not been complied with by return to the proper officer, etc. That Roller had been harrassed with litigation beginning in January, 1893, notwithstanding the decree of the District supreme court that said Clark was barred of equitable relief by his own laches. That the said lots were duly assessed for taxes against the owners, were duly advertised for nonpayment of same, and sold at public auction to Richard Barry; said sale was advertised, conducted, and reported as required by law, in a regular manner. That, because of the lapse of time and the loss of records, "it may be doubtful whether, in a court of law, evidence can be adduced to show that sale was regular and valid in all particulars in which it has been assailed by the complainant, and to establish the validity thereof." That said Clark and those under whom he claims have abandoned the premises for three quarters of a century, and have failed to assail said tax title until all the officials connected therewith have died, and the original books of assessment and report of sale have been lost or destroyed, so that by reason of his laches said Clark is estopped to deny Roller's title. That said premises have been held by Roller and those under whom he claims in "open, notorious, continuous, uninterrupted, and adverse possession for many years; that he has expended large sums in the payment of taxes, care of, and improvement of the same, and that he is advised that he has a good defense to said action of ejectment in a court of equity by reason of the laches of Clark, the loss and destruction of the records showing the assessment of the said property, the original report of sale, and the record thereof, and that the court will enjoin the plaintiff from proceeding in said action of ejectment, and permit your complainant to make good his defense in this forum, and, in order to give him the complete relief to which he is entitled, will direct the cancelation of all the conveyances made since the date of the deed from

the corporation of Washington to Richard Barry, under which the defendant, Allen C. Clark, claims an interest in the property, as a cloud upon the title of your complainant." That to permit the said Clark, in view of his laches, to now assert his said legal title in a court of law will be inequitable and unjust.

A restraining order is prayed and a final decree in accordance with the averments of the bill.

A restraining order was granted and process served.

Without waiving the defects of the bill and the want of equity, therein, the said Clark answered the bill. Without reciting the answer, it is sufficient to say that the validity of the tax title under which Roller claims is assailed; the history of the litigation recited; and the defense made that the action of ejectment was instituted in conformity with the degree of the Supreme Court of the United States terminating the proceedings in equity.

Testimony was taken. That on behalf of Roller, tending to show that he claimed under the tax deed to Barry, and conveyances thereunder; that he had paid a valuable consideration, and had paid all taxes from time of purchase. He attempted, also, to prove the levy of taxes, advertisement, and sale thereunder in 1852, and to show the condition of the ancient records of the tax offices. Testimony tended to show his possession and inclosure of the premises in 1887. Clark's testimony tended to show that he relied on a legal title. The bill was dismissed May 31, 1911, and from that decree Roller has appealed.

*Mr. John E. Roller* appeared *in propria persona.*

*Mr. Leo Simmons* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court.

The history of this complicated and tedious litigation is given in the report of the cause of *Roller* v. *Clarke,* 19 App. D. C. 539. Speaking of the same titles that are here involved, it was

said: "The titles under which the appellant and the appellees respectively claim, are strict legal titles, and there is nothing in the allegations of the bill that can make them cognizable in equity. The conflict between them can only be adjudicated in an action at law, wherein may be completely determined not only the question of the validity of the tax sale and title thereunder, but also the effect of the former adjudications, whatever that may be." In accordance with this view, and the further one, that a bill for partition could not be maintained where the legal title is in dispute, the degree was reversed and the cause remanded, that the equity proceedings might be suspended for a reasonable time within which the complainant, Clark, might bring an action of ejectment to determine the question of title. Upon return of the mandate, Clark failed to elect to bring his action at law, and his bill was dismissed. On appeal that decree was affirmed. 23 App. D. C. 453. This course was pursued by Clark in order to obtain an appeal to the Supreme Court of the United States to review the decree first rendered. That court affirmed the decree, but modified the same so as to permit the bill for partition to stand, if complainant preferred, while he should begin an action of ejectment against Roller, upon condition that the latter shall admit that he is in possession; otherwise the bill to be finally dismissed. *Clark* v. *Roller,* 199 U. S. 541, 50 L. ed. 300, 26 Sup. Ct. Rep. 141. In concluding the opinion in that case, Mr. Justice Holmes said: "The argument took a wider range than the matters which we have discussed, but we deem nothing further material for the decision of the case. The defendant * * * seeks to have us now consider his title, and declare it good. But it is obvious that he gets all that he can hope for by his intervention when partition is postponed to a trial at law."

When the cause was remanded, Clark voluntarily dismissed his bill and began the action of ejectment which Roller seeks to enjoin.

The argument has taken the same wide range adverted to in the opinion of the Supreme Court, and of this court in the former decisions. The contention has been made that the de-

cision of the Supreme Court and the mandate thereon permitting the action of ejectment is conclusive, and precludes any further proceeding in equity. The decision and decree of the United States Supreme Court was based upon the assumption that Roller relied entirely upon a legal title, acquired under a tax sale. We are not prepared to say that, should it afterwards be made to appear that he had an equitable title, or one for the assertion and protection of which there is no complete and adequate remedy at law, it was the intention, nevertheless, to bar his entry in a court of equity; but there is no occasion to decide that question. The present bill sets out the same legal title as before, but claims jurisdiction in equity on the following grounds: (1) The loss or destruction of the records of tax assessments, advertisements, and reports of sale, by reason of which "it may be doubtful whether in a court of law evidence can be adduced to show that sale was regular and valid." (2) Laches of Clark and those under whom he claims in failing to pay taxes, or to take any steps, for nearly three quarters of a century, towards asserting title or possession. (3) Estoppel by reason of the failure to assert claim or pay taxes during the long period aforesaid, during which money was expended by Roller, as well as the former decrees in equity in the proceedings recited, which it is alleged adjudicated the title.

The difficulty in obtaining the evidence relating to the proceedings terminating in the tax title under which Roller claims affords no ground for resort to equity. Proof of lost records and papers may be made as readily now in an action of law as in a suit in equity. The difficulties in producing the necessary evidence are the same in both.

Laches, though a good defense in equity, is no defense at law. Clark is seeking to assert a legal title in a court of law, and no lapse of time can avail Roller as against him, save adverse possession for the period prescribed by the statute of limitations.

The claim that Clark is estopped by reason of the expenditure of money by Roller on the premises, encouraged by Clark's long failure to assert his title, his failure to pay taxes, etc., is but another form of asserting his laches as a ground for the inter-

position of equity.   If facts can be shown to amount to an estoppel *in pais,* that defense can be asserted in the action at law. *Dickerson* v. *Colgrove,* 100 U. S. 578, 25 L. ed. 618; *Baker* v. *Humphrey,* 101 U. S. 494, 25 L. ed. 1065; *Lansburgh* v. *District of Columbia,* 8 App. D. C. 10–18.   Moreover, no facts constituting an estoppel *in pais* are alleged in the bill, much less anything tending to show that such estoppel could only be made available in equity.

Former adjudications of the title through the decrees in equity alleged in the bill are as available at law as in equity. The principles applicable are the same in equity as at law, and the effect is the same.

The contention of the appellant obtains no support from the decision in which he relies.   *Wehrman* v. *Conklin,* 155 U. S. 314, 39 L. ed. 167, 15 Sup. Ct. Rep. 129.   That case was a suit to enjoin an action of ejectment and to quiet title of the plaintiff in possession.   It was expressly held that laches of the defendant afforded no ground for resort to equity, and that an estoppel *in pais* was available at law as in equity.   The bill was sustained on the ground that, when analyzed, it was really in the nature of a judgment creditor's bill to annul and remove, as a cloud upon title, an old conveyance made with the intent to defraud creditors.

If Roller can prove that his tax title is regular, or that his possession has ripened into title under the statute of limitations, he will succeed in the action at law, and the judgment therein will settle the question of his title as completely and effectually as could be accomplished by a decree in equity canceling his opponent's deed.

Being of the opinion that the court below was right in dismissing the bill, the decree will be affirmed, with costs.

*Affirmed.*